Eastern District of Kentucky
FILED
JAN 1 0 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-12-KSF

T.S. BY HIS NEXT FRIEND,    PLAINTIFF
HIS FATHER B.S.

V.          **OPINION AND ORDER**

MENIFEE COUNTY BOARD    DEFENDANT
OF EDUCATION

\* \* \* \* \* \* \* \* \* \* \* \* \*

Presently before the Court is the defendant's motion for summary judgment. [DE # 7] Having been fully briefed, this matter is ripe for review.

**I.    RELEVANT BACKGROUND**

In September of 2004, school authorities were informed that the plaintiff previously possessed and distributed marijuana on school grounds. Administrators questioned the plaintiff about the allegations and he allegedly responded that he had sold drugs at school during the prior year but was no longer doing so. After an investigation, the plaintiff was suspended from school for ten (10) school days. The school principal made a recommendation of expulsion to the Board of Education (the "Board").

The plaintiff's father received a letter dated October 1, 2004 giving notice that the Board would meet on October 7, 2004 to consider the school's recommendation of expulsion. The hearing began as scheduled on October 7, 2004, but was continued until October 11, 2004 to allow the plaintiff to obtain counsel. The plaintiff's father again received a letter, dated October

7, 2004, giving notice that the Board would meet on October 11, 2004 to consider the school's recommendation of expulsion.

At the October 11th hearing, the school principal and assistant principal testified regarding what they learned through the questioning of the plaintiff and other students. The plaintiff was represented by counsel during this hearing. Upon conclusion of the hearing, the Board issued its Findings and Recommendations which considered the fact that the plaintiff had admitted that he possessed and distributed drugs during the prior school year, as well as the probability of a recurring violation. Consequently, the Board recommended that the plaintiff be expelled from the school system for the remainder of the 2004-2005 school year, and that he be placed in an alternative education program for the duration of the expulsion period.

On January 15, 2005, the plaintiff by his next friend, his father B.S., filed the present action against the Board seeking declaratory and injunctive relief, as well as compensatory and punitive damages. The Complaint asserts two separate causes of action: (1) it first alleges that the Board violated the plaintiff's rights under the Fourteenth Amendment by denying him due process of law at the expulsion hearing; and (2) alleges that the plaintiff "was a victim of an arbitrary and absolute act of [the Board]" and that he "has been denied his fundamental rights [sic] to a public education under the Kentucky Constitution." Subsequently, the defendant filed the present motion for summary judgment.

II.   **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant argues that it is entitled to summary judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 56.

**A.     Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

### B. Parties' Positions

The defendant makes two arguments in support of its motion for summary judgment. First, the defendant states that the formal rules of evidence do not apply at expulsion hearings and therefore the fact that hearsay testimony was admitted is irrelevant. Second, the defendant claims that the plaintiff did not have a Constitutional right to learn the identity of his accusers or to cross-examine them.

The plaintiff argues that his constitutional right to due process was violated; the statute of limitations for the offense for which was expelled had expired; and he was denied a fair and impartial decision maker.

## III. ANALYSIS

After reviewing the exhibits submitted by both parties, it is clear that the Board took into consideration the events alleged during the 2003 - 2004 school year and the 2004 - 2005 school year. The second letter of notice sent to the plaintiff informing him of the specific charges against him and the Findings and Recommendation of the Board both state that the plaintiff's drug possession during both school years was relevant to the hearing. Therefore, the plaintiff's argument that the decision was based solely upon the events of 2003 - 2004 is not persuasive. The plaintiff clearly received notice otherwise.

Additionally, the plaintiff's right to due process was not violated because he was not allowed to cross-examine the witnesses against him. In Newsome v. Batavia Local School District, 842 F.2d 920 (6th Cir. 1988), the Court of Appeals found that the plaintiff's right to procedural due process was not violated by the school district's denial of his request to cross-examine the witnesses against him nor by the composition of the hearing panel. The facts of the

Newsome action and the present action before this court are surprisingly similar.

The Newsome court addressed the issue of cross-examining the student witnesses and stated that the process would be merely duplicative of the evaluation process undertaken by the investigating school administrator. Id. at 924. Furthermore, the court said that there was a necessity of protecting student witnesses from "ostracism and reprisal" which "outweighs the value to the truth-determining process of allowing the accused student to cross-examine his accusers." Id. at 925. Therefore, the plaintiff's right to cross-examine his accusers was outweighed by the necessity to protect the student witnesses.

As for the argument that the decision of the Board was based largely on hearsay, the court in Newsome stated that school disciplinary hearings may be fairly determined upon the "hearsay" evidence of school administrators who have a duty to investigate the incidents. Id. at 926 (citing Boykins v. Fairfield Bd. of Educ., 492 F.2d 697, 701 (5th Cir. 1974)). Additionally, the Supreme Court said,

> [Section] 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations. The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members and §1983 was not intended to be a vehicle for federal court correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees.

Wood v. Strickland, 420 U.S. 308, 326, 95 S.Ct. 992 (1975)(citing Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 270 (1968)(citations omitted)).

The defendant in this matter recommended expelling the plaintiff from the school system for the remainder of the 2004 - 2005 school year and placing him in an alternative education

5

program for the duration of the expulsion period. These actions were in accordance with KRS §158.150. Pursuant to that statute, the Board may expel a student from the student's regular school setting for the use or possession of alcohol or drugs, and shall provide or assure that educational services are provided to the student in an appropriate alterative program or setting. See, KRS §158.150(1)(a) and (2).

For the reasons listed above, the Court finds that the Board acted within its power and did not violate the constitutional rights of the plaintiff.

## IV. CONCLUSION

Therefore, the Court being otherwise fully and sufficiently advised, HEREBY ORDERS that the defendant's motion for summary judgment [DE #7] is GRANTED, and judgment shall be entered contemporaneously herewith.

This __10th__ day of January, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE